HARRIS, C.M., Senior Judge.
Appellant, Privilege Underwriters Reciprocal Exchange (“PURE”), filed an action for declaratory judgment seeking a determination that an excess liability policy issued to Appellees, Coy and Tabitha Clark, did not cover the Clarks’ son, Brigham Clark. PURE also sought rescission of the excess policy, alleging that there was a material misrepresentation made on insureds’ behalf during the application process when the Clarks failed to reveal that Brigham was a licensed operator living in the Clarks’ household. The action proceeded to a jury trial where the jury was asked to decide limited factual issues. Following the jury determination, a final judgment was entered in favor of the Clarks by the trial court. On appeal, PURE raises several issues associated with the trial and final judgment; however, only one merits discussion. For the reasons discussed herein, we reverse the entry of judgment in the Clarks’ favor as the undisputed evidence showed that the Clarks never disclosed the fact that Brigham was living in the family home.
In March 2011, Coy sought to replace the existing homeowners, automobile, and excess insurance policies. Coy asked the president. of his company, Michael Ma-guire, to act as his agent in obtaining the replacement coverage. Coy himself was largely uninvolved during the application process. Maguire worked through David Allaire, who was associated with ah independent insurance agency, in order to “shop” the Clarks’ policies with multiple carriers. Maguire provided Allaire with a copy of the Clarks’ then-existing insurance policies, which, notably, did not list Brigham as an insured. Ultimately, PURE issued an excess insurance policy to the Clarks, which was bound as of March 26, 2011.
*1030 The declarations page of the Clarks’ excess liability insurance policy named only Coy as the insured. However, the policy identified both Coy and Tabitha as “operators.” Pursuant to the policy’s definitions, an “insured” included the named insured or a family member. The policy further defined “family member” as, “a person that lives in your household and is related to you by blood, marriage, registered domestic partnership under Florida law, or adoption.” During trial, the jury learned how Brigham had lived away from the Clarks’ home for the five years preceding January 2011. In December 2010, Brigham was involved in a minor automobile accident. At that point, the Clarks became concerned about Brigham’s prescription drug abuse and decided it would be best if Brigham came to live in the family home. However, even after Brigham moved home, he was still having trouble with his drug-seeking behaviors. In February 2011, after Brigham was involved in another automobile accident, the Clarks accelerated their plan to get Brigham into an out-of-state drug treatment facility. Brigham left for an Arizona rehabilitation facility on March 15, 2011 and was discharged on April 16, 2011. Following his release from the facility, Brigham returned to his parents’ household. Within a few days of returning back to Melbourne, Florida, Brigham was involved in the underlying automobile accident to this action, which resulted in a fatality and several injuries.
The jury was asked to decide several pertinent factual issues related to the declaratory action. The jury concluded that Brigham was living in the Clarks’ household at the time when the application was submitted to PURE, as well as at the time of the April 19, 2011, accident. The jury also determined that Allaire was acting in his capacity as a dual agent for both the insurance company and the Clarks. Because of the jury’s agency determination, the verdict form stated that the jury need not answer the final question posed: whether the Clarks had intentionally concealed or misrepresented any material fact during the policy’s application process. The trial court subsequently entered a final judgment in favor of the Clarks, noting that the excess insurance policy provided coverage for the subject automobile accident.[1]
“The standard of review on appeal of a trial court’s ruling on a motion for directed verdict is the same as the test used by the trial court in ruling on that motion. A motion for directed verdict should be granted when there is no reasonable evidence upon which a jury could legally predicate a verdict in favor of the non-moving party.” Etheredge v. Walt Disney World Co., 999 So.2d 669, 671 (Fla. 5th DCA 2008) (internal citations omitted). As indicated above, an “insured” includes those individuals who are relatives and *1031 who live in the insured’s household. However, the policy places a mandatory obligation on the part of the insured to disclose to the insurer “every family member who is licensed.... ” Although the “Disclosure of Operators” provision gives a grace period for reporting a family member who becomes licensed “during the policy period,” this provision would not apply to Brigham because he was already a licensed driver living in the Clarks’ household at the inception of the policy. Instead of reporting Brigham as a licensed family member, the Clarks, through Maguire, failed to disclose Brigham as a licensed member of the household when responding to the application for insurance. Allaire testified that when he inquired as to the identities of all of the licensed operators living in the Clarks’ household, Maguire responded, “Coy and Tabitha Clark.” While Maguire did not recall ever being asked this question, he admitted that had the question been posed to him, he would have responded with only Coy and Tabitha’s names. Moreover, although Allaire did not ask Maguire where Brigham was living at the time of the application, Ma-guire testified that he had no knowledge as to where Brigham resided.
There is also a provision that the policy will be void if the insured intentionally concealed or misrepresented any material fact or circumstance or engaged in fraudulent conduct or made false statements. The Clarks urge that there is no showing that they intentionally failed to disclose Brigham as a member of their household. However, a showing of intent is not required under the provisions of this policy. See Universal Prop. & Cas. Ins. Co. v. Johnson, 114 So.3d 1031, 1037 (Fla. 1st DCA 2013). At issue in Johnson was a “Concealment or Fraud” provision almost identical to the one at issue in this case that held:
2. Concealment or Fraud. The entire policy will be void if, whether before or after a loss, an “insured” has:
a. Intentionally concealed or misrepresented any material fact or circumstance;
b. Engaged in fraudulent conduct; or
c. Made false statements; relating to this insurance.
Id. The Johnson court held that, “under the policy here and under section 627.409(1), [Florida Statutes,] a misrepresentation ‘need not be fraudulent or knowingly made but need only affect the insurer’s risk or be a fact which, if known, would have caused the insurer not to issue the policy or not to issue it in so large an amount.’ ” Id. at 1036 (quoting Fabric v. Provident Life & Accident Ins. Co., 115 F.3d 908, 913 (11th Cir.1997)). Here, an underwriter for PURE testified clearly that had it known of Brigham and his driving record it would not have issued the policy, particularly at the issue rate.
There is nothing in this record to justify the trial court’s finding that PURE was not misled when the Clarks failed to disclose that a high-risk driver was living in their household because the Clarks, through Maguire, never disclosed this fact and because the Clarks failed to meet their affirmative duty under the policy to disclose that their son was living with them. We reverse the final judgment entered herein and remand for the trial court to enter judgment in favor of PURE.[2]
REVERSED and REMANDED.
WALLIS and LAMBERT, JJ., concur.

. The trial court determined at the outset of the trial that the policy's “Disclosure of Operators” provision was ambiguous as a matter of law as to when an insured needs to report a “newly-entered” family member. Specifically, the provision states:
K. Disclosure of Operators
You must inform us of every family member who is licensed to operate an auto or who operates a watercraft or recreational motor vehicle. If a family member becomes licensed or first operates a watercraft or recreational motor vehicle during the policy term you must inform us within 365 days. Your failure to disclose all operators during the required period may result in cancellation or voidance of this policy.
The trial judge stated that the provision could be interpreted as giving the insured 365 days to report a newly-entered family member, or that the policy does not impose any timeframe for when such an event should be reported.

. Because we find that the trial court erred in entering final judgment in favor of the Clarks, *1032 we vacate the subsequent attorney’s fees and costs final judgments also entered in the Clarks’ favor. Therefore, we decline to address the arguments raised by PURE in its subsequent appeals concerning the attorney's fee rate awarded, as well as the trial court's determination that the Clarks were entitled to a contingency multiplier.